UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT GEORGE GERBER,

              Plaintiff,

-v-

CAMP HOPE DIVISION,

              Defendant.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 01683 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

ROSS, United States District Judge.

On March 27, 2013, *pro se* plaintiff, Robert George Gerber, filed the instant complaint. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, plaintiff is directed to file an amended complaint, within thirty (30) days of the date of this order.

Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007);

1

Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief. As the Iqbal court explained, it "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

Discussion

Plaintiff's statement of claim states in its entirety: "Camp hope violated for not accepting me at camp." Comp. at 1, ¶ III. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that the defendant has adequate notice of the claims against him, her, or it. Iqbal, 556 U.S. 678. A pleading that only "tenders naked assertions devoid of further factual enhancement" will not

2

suffice. Id. (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell Atl., 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). Here, the nature of plaintiff's claim is unclear.

Furthermore, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. Bender, 475 U.S. at 541

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). Here, as plaintiff resides in New York and alleges that defendant is located in Carmel, New York, complete diversity of citizenship is clearly lacking.[1]

---

[1] To the extent that plaintiff seeks to bring a civil rights action, he is informed that under 28 U.S.C. § 1391, a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

3

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citing Bell v. Hood, 327U.S. 678, 681-85 (1946)). As submitted, plaintiff's complaint fails to present a federal question.

## Conclusion

In light of plaintiff's *pro se* status, this Court will grant plaintiff 30 days from the date of this order to replead his complaint to allege a basis for the Court's jurisdiction. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). If plaintiff elects to file an amended complaint it must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is informed that the body of the complaint must contain allegations that provide a basis for the Court to assume jurisdiction over the subject matter of the case. Although plaintiff does not need to provide the precise statute under which he is seeking relief, he must provide sufficient facts to enable the Court to determine the legal basis for the claim. Further, all defendants must be named in the caption of the complaint. If plaintiff does not know the name of a defendant he may refer to that person as John or Jane Doe, and give his or her position, or other identifying information. Plaintiff's statement of facts should include a brief description of what each defendant did or failed to do, and how

---

which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see also 28 U.S.C. § 1406(a). Accordingly, if plaintiff seeks to bring suit against defendant Camp, located in Carmel, New York, and the events or omissions giving rise to plaintiff's claim stem from incidents that occurred in Carmel, New York, this Court would not be the proper venue to bring such an action. Id.

4

each of the defendant's acts or failure to act caused plaintiff injury.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. Plaintiff's amended complaint must be captioned as an "AMENDED COMPLAINT" and bear the same docket number as this Order.

All further proceedings shall be stayed for thirty (30) days for plaintiff to comply with this Order. If plaintiff fails to file an amended complaint, a judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ ARR

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 3, 2013

Service List

Robert George Gerber, Pro Se
202 West 141st Street
New York, NY 10030-1749