FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 2 2 2013 ★

BROOKLYN OFFICE



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT GEORGE GERBER,

                Plaintiff,

    -v-

CAMP HOPE DIVISION, CHILDREN'S
BIBLE FELLOWSHIP OF NEW YORK,
INCORPORATED,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-1683 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

ROSS, United States District Judge.

## Introduction

By order dated April 3, 2013, *pro se* plaintiff, Robert George Gerber, was granted thirty days leave to replead his complaint. For the reasons discussed below, plaintiff's amended complaint is dismissed for failure to state a claim upon which relief may be granted.

## Standard of Review

In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citations omitted). Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

1

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id.

## Discussion

Plaintiff's amended complaint alleges that defendant Camp Hope violated the Willowbrook Permanent Injunction. Am. Compl. at 1. Although unclear, plaintiff alleges that Camp Hope holds a conference for adults with developmental disabilities, and that the Camp refused to assist plaintiff with the application forms.[1] Id. Plaintiff seeks an injunction to allow him to attend the Camp this summer.

The Willowbrook Injunction[2] stems from a class action litigation, commenced in this court, alleging that the State of New York violated the constitutional rights of the residents of the Willowbrook State School. See N.Y. State Assoc. for Retarded Children v. Cuomo, 393 F.Supp. 715 (E.D.N.Y. 1975). The injunction guarantees class members certain basic enumerated rights, and sets standards for community residential and treatment services, case management, and advocacy services. See generally Permanent Injunction, N.Y. State Assoc. for Retarded Children v. Cuomo, No. 72 Civ 356, 357 (E.D.N.Y. Mar. 11, 1993) [hereinafter Willowbrook Injunction]. The injunction provides, *inter alia*, that the State of New York must ensure "each [Willowbrook]

---

[1] See http://www.cbfny.org/index.php/camp-hope (last visited April 18, 2013) (since 1952, Camp Hope has provided summer experiences for New York's disabled children and adults).

[2] The text of the Willowbrook Permanent Injunction is set forth at http://www.opwdd.ny.gov/opwdd_resources/willowbrook_class/willowbrook_permanent_injunction (last visited May 22, 2013).

class member protection from harm and a safe, clean and appropriate physical environment" and

"high quality services in appropriate community residential settings for the rest of their lives.'"

Oakley v. Federation Emp't and Guidance Servs., Inc., No. 10 Civ. 7739, 2011 WL 2119741, at

*1 (S.D.N.Y. May 23, 2011) (quoting the Willowbrook Permanent Injunction at 2, 13).

Plaintiff alleges that defendant failed to provide him with and/or fill out the necessary

form to apply to Camp Hope, which holds a "conference for adults with developmental

disabilities." Compl. at 1. However, attendance at camps and conferences does not fall within the

range of integrated habilitative services that are guaranteed to plaintiff under the Permanent

Injunction. See generally Permanent Injunction, supra. Nor does Camp Hope—a private, non-

profit corporation—appear to be subject to the injunction. See id. Furthermore, plaintiff's

complaint fails to allege any facts to suggest a violation of any federal statutory or constitutional

provision. Cf. Gerber v. Isabella Geriatric Center, No. 11 CV 3231, 2012 WL 170076, at *1

(E.D.N.Y. Jan 18, 2012) (finding that "[n]one of the Willowbrook Permanent Injunction

obligations . . . are implicated by the facts alleged by plaintiff. Moreover, the court can identify no

other statuory or constitutional provisions that might have been violated.").

## Conclusion

Accordingly, plaintiff's complaint is dismissed in its entirety for failure to state a claim

upon which relief may be granted. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).[3] The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

---

[3] Plaintiff is advised that Brooklyn Community Services ("BCS") provides free voluntary counseling to litigants who are representing themselves in the Eastern District of New York. BCS does not provide legal advice or legal representation, but the services that it offers may be helpful to plaintiff. Plaintiff may schedule an appointment by calling Adele Saleem at 718-310-5626.

faith and therefore *in forma pauperis* status is denied for purpose of an appeal. <u>Coppedge v.</u>

<u>United States</u>, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

                                              /S/ Judge Allyne R. Ross

                                              ALLYNE R. ROSS
                                              United States District Judge

Dated: Brooklyn, New York
       May 22, 2013

SERVICE LIST

<u>Pro Se Plaintiff</u>
Robert George Gerber
202 West 141st Street
Apt. 1F
New York, NY 10030-1749